UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-62058-CIV-DIMITROULEAS

MARK KRZYKWA, as an individual, and
on behalf of all others similarly situated,

    Plaintiff,

vs.

CAMPBELL SOUP CO. a New Jersey corporation,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO STAY, OR IN THE ALTERNATIVE FOR RECONSIDERATION

THIS CAUSE is before the Court upon Defendant Campbell Soup Co.'s ("Defendant" or "Campbell")'s Motion to Stay, or in the Alternative, for Reconsideration [DE 52]. The Court has carefully considered the Motion, and is otherwise fully advised in the premises.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing Mannings v. School Board of Hillsborough County, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" Burger King Corp., 181 F. Supp. 2d at 1369 (quoting Z.K. Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).

On October of 2012, Plaintiff Mark Krzykwa filed this action, relating to the "all natural" labeling of food products containing genetically modified ingredients, here, vegetable soups

1

containing genetically modified corn.  On March 28, 2013, the Court entered an Order Denying Defendant's Motion to Dismiss. See [DE 37].   In that Order, the Court analyzed and rejected Defendant's arguments regarding preemption, primary jurisdiction doctrine, FDUTPA's safe harbor provision, and adequate remedy at law.  Regarding the primary jurisdiction doctrine, the Court declined to apply that doctrine to this matter, citing to cases the Court found persuasive in which courts have declined to dismiss false advertising claims premised on food companies' "natural" claims because the FDA simply does not regulate those claims. See [DE 37] at pp. 7-8.  Nothing in the instant motion regarding other district courts' stay orders would cause the Court to reconsider its ruling on the primary jurisdiction doctrine, or to stay the instant action.  Moreover, in the unlikely event that the FDA changes course and decides to devote its limited resources to what it evidently considers a minor issue, Defendant can promptly bring to the Court's attention any such regulations governing the use of "natural" as it applies to food products.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Stay, or in the Alternative, for Reconsideration [DE 52] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of August, 2013.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record